UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WORLDWIDE INTERIORS, LLC | * | |
| | * | |
| Plaintiff, | * | CASE NO. 10-468 |
| | * | |
| v. | * | |
| | * | |
| BP, plc; BP EXPLORATION & | * | |
| PRODUCTION, INC.; BP PRODUCTS | * | |
| NORTH AMERICA, INC.; BP AMERICA, | * | |
| INC.; ANADARKO PETROLEUM | * | |
| CORPORATION; ANADARKO E&P | * | |
| COMPANY LP; MITSUI & CO. (U.S.A.), INC.; | * | |
| HALLIBURTON ENERGY SERVICES, INC.; | * | |
| CAMERON INTERNATIONAL | * | |
| CORPORATION f/k/a COOPER CAMERON | * | |
| CORPORATION AND MOEX OFFSHORE 2007 | * | |
| LLC, | * | |
| | * | JURY DEMAND |
| | * | |
| Defendants. | * | |

**COMPLAINT**

**I.   INTRODUCTION**

1.   Plaintiff, Worldwide Interiors, LLC, ("Plaintiff"), brings this action against the defendants identified below ("Defendants"), and avers as follows:

2.   This is an action to recover damages suffered by Plaintiff as a result of the oil spill that resulted from the explosion and fire aboard, and subsequent sinking of the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig") on April 20, 2010, at about 10:00 p.m. central time in the Gulf of Mexico (Latitude 28° 45.23' N; Longitude 88° 18.89' W) approximately 100 miles from the Alabama coast.   Following the sinking of

the Oil Rig, an unknown number of barrels per day of crude oil have been released from the oil well upon which the Deepwater Horizon was performing completion operations, and from the pipe connected to it (drill stack).  The fast-moving oil slick has caused detrimental affects upon the Gulf of Mexico and Alabama's marine environments, coastal environments and estuarine areas.  Further, the spill has damaged and will continue to damage the economy of the coastal region including the business income of Plaintiff.

## II.     JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and because the requisite diversity of citizenship exists between Plaintiff and Defendants.

4.      Prosecution of this action in this district is proper under 28 U.S.C. § 1391(a)(2) because a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in this district and/or a substantial part of the property at issue in this action is situated in this district.

## III.    PARTIES

5.      Plaintiff, Worldwide Interiors, LLC, is an Alabama limited liability company doing business in Orange Beach Alabama as an importer and seller of furnishings and accessories to customers in the coastal Alabama area.  Plaintiff derives business income and profit from the sale of its products which have been reduced as a result of the oil spill.

6.      Defendants herein are:

(a)     BP, plc ("BP"), a foreign corporation doing business in the State of Alabama and within this district;

(b)     BP Exploration & Production, Inc. ("BP Exploration"), a foreign corporation

doing business in the State of Alabama and within this district;

(c)     BP Products North America, Inc. ("BP Products"), a foreign corporation doing business in the State of Alabama and within this district;

(d)     BP America, Inc. ("BP America"), a foreign corporation doing business in the State of Alabama and within this district;

(e)     Anadarko Petroleum Corporation ("Anadarko"), a foreign corporation doing business in the State of Alabama and within this district;

(f)     Anadarko E&P Company LP ("Anadarko E&P"), a foreign corporation doing business in the State of Alabama and within this district;

(g)     Mitsui & Co. (U.S.A.), Inc. ("Mitsui"), a foreign corporation doing business in the State of Alabama and within this district;

(h)     Halliburton Energy Services, Inc. ("Halliburton"), a foreign corporation doing business in the State of Alabama and within this district; and

(i)     Cameron International Corporation f/k/a Cooper-Cameron Corporation ("Cameron"), a foreign corporation doing business in the State of Alabama and with this district.

(j)     MOEX Offshore 2007 L.L.C. ("MOEX"), a foreign corporation doing business in the State of Alabama and within this district.

## IV.    FACTUAL ASSERTIONS

7.     BP, BP Exploration, BP Products and BP America (collectively "BP"), Anadarko Petroleum Corporation, Anadarko E&P Company LP, Mitsui and MOEX Offshore 2007 L.L.C. are the holders of or operated pursuant to a lease granted by the Minerals Management Service

for the drilling for oil and performance of oil-production-related operations at the site of the oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

8. Upon information and belief, Cameron manufactured and/or supplied the Deepwater Horizon's blow-out-preventers ("BOPs") a series of valves/seals that failed to control pressure and prevent the explosion and resulting release of oil. The BOPs were defective because they failed to operate as intended.

9. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

10. At all times material hereto, the Deepwater Horizon was manned, possessed, managed, controlled, chartered and/or operated, directly or through agents, by BP, Anadarko Petroleum Corporation, Anadarko E&P Company LP, Mitsui and MOEX Offshore 2007 L.L.C.

11. The fire and explosion on the Deepwater Horizon, its sinking and the resulting oil spill were caused by the combining and concurrency negligence or wantonness of Defendants.

12. The injuries and damages suffered by Plaintiff were caused by Defendants' negligent or wanton failure to adhere to recognized industry standards of care and federal laws and regulations.

13. All Defendants knew of the dangers associated with the deep water drilling operations being conducted on the Deepwater Horizon and negligently and wantonly failed to take appropriate measures to prevent damage to Plaintiff.

14. The oil spill has damaged and will continue to damage Plaintiff's business income.

## V.     COUNT I – NEGLIGENCE AND/OR WANTONNESS

15.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if copied herein.

16.     All Defendants owed a duty to Plaintiff to exercise reasonable care in the construction, operation, inspection, training, repair and maintenance of the Deep Water Horizon and oil well to comply with applicable federal laws and regulations, and in its oil spill containment and prevention efforts following the initial oil spill.

17.     Defendants had a heightened duty of care to Plaintiff because of the great danger and environmental concerns associated with the drilling of oil.

18.     Defendants, directly or through agents, breached their legal duties to Plaintiff by failing to exercise reasonable care and acting with reckless, willful, and wanton disregard for Plaintiff, in the construction, operation, inspection, training, repair and maintenance of the Deep Water Horizon and the oil well, complying with Federal laws and regulations, and undertaking oil containment and prevention activities.

19.     Upon information and belief, Plaintiff avers that the fire, explosion and resulting oil spill and damages caused thereby was caused by the joint negligence and wantonness of the Defendants in the following non-exclusive particulars:

   a.     Failing to properly operate the Deepwater Horizon and oil well;

   b.     Operating the Deepwater Horizon and oil well in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in the oil spill;

   c.     Failing to properly inspect the Deepwater Horizon and oil well to assure that its equipment and personnel were fit for their intended purposes;

d. Acting in a careless and negligent manner without due regard for the safety of others;

e. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon and oil well which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

f. Operating the Deepwater Horizon and oil well with untrained and/or unlicensed personnel;

g. Inadequate and negligent training and/or hiring of personnel;

h. Failing to take appropriate action to avoid and/or mitigate the accident;

i. Negligent implementation of policies and/or procedures to safely conduct offshore operations in the Gulf of Mexico;

j. Employing untrained or poorly trained employees and failing to properly train their employees;

k. Failing to ascertain that the Deepwater Horizon, oil well and their equipment were free from defects and/or in proper working order;

l. Failure to timely warn;

m. Failure to timely bring the oil release under control;

n. Failure to provide appropriate accident preventive equipment;

o. Failure to observe and read gauges that would have indicated excessive pressures in the well;

p. Failure to react to danger signs;

    q.      The use of defective BOPs that were improperly installed, maintained, and/or operated;

    r.      Conducting well and well cap cementing operations improperly;

    s.      Failure to comply with Federal laws and regulations regarding adequate preparation and disclosure of response capabilities to oil spills;

    t.      Failure to timely and adequately contain and remove oil from Gulf waters and land.

    u.      Failure to use appropriate BOPs for this drilling operation;

    v.      Failure to test the BOPs used;

    w.      Acting in a manner that justifies imposition of punitive damages; and

    x.      Such other acts of negligence or wanton conduct as will be shown at the trial of this matter.

20. Defendants knew or should have known that their negligent, willful, wanton and/or reckless conduct would result in the disaster, causing damage to Plaintiff.

21. The injuries to Plaintiff were also caused by or aggravated by the fact that Defendants failed to take necessary actions to mitigate the danger associated with their operations.

22. In addition, the fire, explosion, sinking and the resulting oil spill would not have occurred had the Defendants exercised the high degree of care imposed on them and Plaintiff, therefore, pleads the doctrine of *res ipsa loquitur*.

23. Plaintiff is entitled to a judgment finding Defendants liable to Plaintiff for damages suffered as a result of Defendants' negligence, willfulness, recklessness, and/or

wantonness and awarding Plaintiff adequate compensation, including punitive damages therefore in amounts determined by a jury.

## VI.     COUNT II – NUISANCE

24.     Plaintiff incorporates the averments of paragraphs 1 through 23 as if fully set forth herein.

25.     The aforesaid acts of all Defendants combined to create a nuisance that has proximately damaged Plaintiff's business, including, but not limited to loss of past and future income, loss in business value, loss of value of inventory and other property used in the business, impairment to business viability and growth, and incidental and consequential expenses.

26.     Plaintiff demands judgment against all Defendants, jointly and severally for compensatory and punitive damages in an amount to be determined by a struck jury.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally as follows:

    a.    Compensatory damages in amounts to be determined at trial;

    b.    Punitive damages;

    c.    Pre-judgment and post-judgment interest at the maximum rate allowable by law;

    d.    Attorney's fees and costs of litigation;

    e.    Such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate; and

    f.    A trial by jury as to all Defendants.

Respectfully submitted by,

s/Jere L. Beasley
Jere L. Beasley (BEASJ1981)
Rhon E. Jones (JONE7747)
John E. Tomlinson (TOML4095)
J. Parker Miller (MILLJ7363)
Richard D. Stratton (STRAR3939)
Christopher D. Boutwell (BOUTC1941)
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (facsimile)
jere.beasley@beasleyallen.com
rhon.jones@beasleyallen.com
john.tomlinson@beasleyallen.com
parker.miller@beasleyallen.com
rick.stratton@beasleyallen.com
chris.boutwell@beasleyallen.com
Attorneys for Worldwide Interiors, LLC

Dated:  August 26, 2010

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues and causes of action stated herein.

    Respectfully submitted by,

    s/Jere L. Beasley
    Jere L. Beasley (BEASJ1981)
    Rhon E. Jones (JONE7747)
    John E. Tomlinson (TOML4095)
    J. Parker Miller (MILLJ7363)
    Richard D. Stratton (STRAR3939)
    Christopher D. Boutwell (BOUTC1941)
    BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.
    Post Office Box 4160
    Montgomery, AL 36103-4160
    (334) 269-2343
    (334) 954-7555 (facsimile)
    jere.beasley@beasleyallen.com
    rhon.jones@beasleyallen.com
    john.tomlinson@beasleyallen.com
    parker.miller@beasleyallen.com
    rick.stratton@beasleyallen.com
    chris.bouotwell@beasleyallen.com